UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSHUA ANTHONY JONES, | : | **No. 1:24-CV-2045** |
| | : | |
| Plaintiff, | : | (Judge Wilson) |
| | : | |
| v. | : | (Magistrate Judge Schwab) |
| | : | |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATION**

## I.   Introduction.

The plaintiff, Joshua Anthony Jones ("Jones"), alleges that the defendant,

the United States, violated his constitutional rights over the past 14 years by

experimenting on him with nanotechnology without his consent. *Doc. 1.*  Presently

before the court is the United States' motion to dismiss the complaint pursuant to

Fed. R. Civ. P. 12(b)(1) and (6).  The United States argues that dismissal is

appropriate because the court lacks subject-matter jurisdiction over Jones's claims,

and because Jones has failed to state any plausible claim for relief.  For the reasons

set forth below, we recommend that the court grant the United States' motion to

dismiss and dismiss the complaint without leave to amend.

## II.    Background and Procedural History.

On November 25, 2024, Jones initiated this action pro se by filing a complaint and paying the filing fee. *Doc. 1.*  The complaint is confusing and at times nonsensical.  The heart of Jones's allegations are as follows, verbatim:

> I have been the subject of an unconsented human experimentation involving nanotechnology, Part of the Department of Defense, Central Intelligence Agency, National Security Agency, development program at DARPA called the Brain Initiative, this human experimentation to the best of my knowledge started at the earliest November 2012, has drastically persisted and has exponentially gotten worse, but it seemingly stems from an email written to Jeffrey Bezos in October 2010, and my life has been psychologically steered also social isolated to what I would suppose to frame me in a false flag operation, for Biological Research, or other nepharious or dubious reasons.  Some how freemasonry has gotten involved to some degree which has made my personal, and work life worse than anyone would have intended, by questioning my faith in a divine being or higher power.  I have not been able to go to college, seek proper medical necessity or care, the inability to obtain a job of reasonable income without harassment, slanderous defamation of character, as well as the inference of mental instability or mental fragility.

*Id.* at 8 (errors in original).  The following facts are taken from our liberal construction of the complaint.

According to Jones, the "nanotechnology" interferes with his normal train of thought and "interfere[s] with normal bodily functions[,]" such that he experiences loss of appetite and sleep deprivation. *Id.*  Jones alleges that he was "subject to sounds of women being raped, sounds of screams of torture, and any other

depravity, and harassment from 'were Nazi's Josh' [sic] on [his] birthday, to constant questioning of [his] character, about anything in general." *Id.* at 9. He also claims that his intellectual property "has been compromised and stolen[.]" *Id.* at 8–9. Jones believes the use of the technology against him is "possibly . . . a disruption of National Security." *Id.* at 8. As a result, Jones has contacted "numerous people, entities, agencies, departments, and Government" for help. *Id.*

Jones brings claims against the United States pursuant to a myriad of statutes, regulations, and executive orders, as well as under *Bivens*.[1] *See generally doc. 1.* Specifically, we construe the complaint as bringing the following claims: (1) 5 U.S.C. §§ 731, and 3331; (2) 10 U.S.C. § 980; (3) 18 U.S.C. §§ 245, 914, and

---

[1] Jones attaches to his form complaint a single page with the heading "Noted additional pages for Section II, subpart D" ("the additional page"). *Doc. 1* at 7. Section II, subpart D of the form complaint states:

> Section 1983 allows defendants to be found liable only when they have acted 'under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia.' 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

*Id.* at 4. On the additional page, however, rather than explaining how the United States, the sole defendant, was acting under color of state or federal law, Jones lists citations to statutes, regulations, and executive orders. *Id.* at 7. Liberally construing the complaint, we conclude that Jones is attempting to bring claims under these statutes, regulations, and executive orders.

1001; (4) 28 U.S.C. § 4101; (5) 50 U.S.C. §§ 401, 402, and 403; (6) 7 C.F.R. § 1c;
(7) 10 C.F.R. § 745; (8) 14 C.F.R. § 1230; (9) 15 C.F.R. § 27; (10) 16 C.F.R.
§ 1028; (11) 22 C.F.R. § 225; (12) 24 C.F.R. § 219; (13) 29 C.F.R. § 1606.8;
(14) 34 C.F.R. § 97; (15) 38 C.F.R. § 16; (16) 40 C.F.R. § 26; (17) 45 C.F.R.
§§ 46, 160(A)–(E), 164, 170, and 690; (18) 49 C.F.R. § 11; (19) Executive Orders
13526, 13873, 14093, 14105, and 14110; (20) violations of his First, Fourth, Fifth,
Tenth, Thirteenth, and Fourteenth Amendment rights; (21) "Title 47"; (22) "56 FR
28003"; and (23) "116 S984 IS[.]" *Doc. 1* at 3, 7.

Jones attached to his complaint a second form complaint. *Doc. 1-1.* This
form complaint is titled "Complaint for a Civil Case Alleging Negligence" and is
designed for claims over which the court has diversity of citizenship jurisdiction.
*Id.* The second form complaint includes a substantially larger demand but
otherwise contains no allegations that differ from the contents of the first
complaint. *Compare doc. 1* and *doc. 1-1.* Accordingly, we do not interpret this
second form complaint as indicating an intent to bring any other claims.[2]

---

[2] To the extent Jones intends to bring negligence claims against the United
States, the only method for doing so is the Federal Torts Claims Act ("FTCA").
While "the FTCA 'was designed primarily to remove the sovereign immunity of
the United States from suits in tort and, in certain specific exceptions, to render the
Government liable in tort as a private individual would be under like
circumstances,'" Jones has failed to invoke the FTCA or otherwise allege
negligence on the part of the United States. *Sosa v. Alvarez-Machain*, 542 U.S.
692, 700 (2004) (quoting *Richards v. United States*, 369 U.S. 1, 6 (1962)).

In addition to his complaint, Jones filed a document that we liberally construed to be a motion for a preliminary injunction. *Doc. 4.* On January 2, 2025, we issued a Report and Recommendation in which we recommended the motion for a preliminary injunction be denied. *Doc. 18.* In response, Jones filed three documents, one of which the court liberally construed to be an objection to the Report and Recommendation. *Docs. 19, 24.* Judge Wilson denied the objection and adopted our Report and Recommendation on January 30, 2025. *Doc. 24.*

The same day the court adopted our Report and Recommendation, the United States filed the motion to dismiss that is presently before the court and a brief in support thereof. *Docs. 23, 25.* On February 10, 2025, Jones filed a document titled "Motion to Objection Dismissal of Plaintiff's Case . . . and Injunction for case . . . by Plaintiff" which we liberally construe to be his brief in opposition. *Doc. 34.*

Currently pending before the court, in addition to the motion to dismiss, are ten motions filed by Jones: (1) a motion for "Contributory Negligence by the

---

Moreover, to bring a suit under the FTCA, a plaintiff must first present his "claim to the appropriate Federal agency and have his claim . . . finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675. Nowhere in his second form complaint does Jones allege to have presented an FTCA claim to any federal agency nor that any agency finally denied such a claim. *Doc. 1-1.* Accordingly, Jones has failed to exhaust his administrative remedies which is a necessary prerequisite for bringing a FTCA claim. If the district court interprets the complaint as including an FTCA claim, however, we would recommend that such claim should be dismissed.

Defendant" (*doc. 22*); (2) a motion for reconsideration (*doc. 28*); (3) a motion

stating Jones will not accept a no contest plea if one is submitted by the United

States (*doc. 29*); (4) a "Rule 42" motion to consolidate dockets (*doc. 30*); (5) a

motion seeking the "defense to enter under Rule 11 a Guilty plea" (*doc. 31*); (6) a

motion "to Objection to Dismissal of Plaintiff's Case" (*doc. 32*); (7) a motion for a

stay of proceedings (*doc. 33*); (8) a motion to change venue (*doc. 35*); (9) and a

motion for "Rule 12.1, Rule 26, and attached U.S.C. Laws" (*doc. 36*); and (10) a

document titled "Plaintiff Brief and Motion for Rule 69, Rule 86, and Rule 87"

(*doc. 38*)  (collectively "other pending motions").


## III.    Pleading and Motion-to-Dismiss Standards.

The United States argues that Jones's complaint should be dismissed

pursuant to Fed. R. Civ. P. 12(b)(1) and (6) for lack of subject-matter jurisdiction

and for failure to state a claim upon which relief can be granted. *Doc. 23*.


### A.  Rule 12(b)(1) Standards.

Rule 12(b)(1) permits the dismissal of an action for lack of subject-matter

jurisdiction.  Challenges to subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1)

may be "facial" or "factual." *Papp v. Fore-Kast Sales Co.*, 842 F.3d 805, 811 (3d Cir.

2016).  "[A] factual challenge allows 'a court [to] weigh and consider evidence

outside the pleadings.'" *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016) (quoting *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014)).  A facial attack contests the sufficiency of the pleadings. *Id.*  When there is a facial attack, "we apply the same standard as on review of a motion to dismiss under Rule 12(b)(6)." *In re Horizon Healthcare Servs. Inc. Data Breach Litig.*, 846 F.3d 625, 633 (3d Cir. 2017).  The plaintiff has the burden of persuading the court it has jurisdiction. *See Davis*, 824 F.3d at 346.

### B.  Rule 12(b)(6) Standards.

 In accordance with Fed. R. Civ. P. 12(b)(6), the court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  When reviewing a motion to dismiss under Rule 12(b)(6) "[w]e must accept all factual allegations in the complaint as true, construe the complaint in the light favorable to the plaintiff, and ultimately determine whether [the] plaintiff may be entitled to relief under any reasonable reading of the complaint." *Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010).

In making that determination, we "consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the [plaintiff's] claims are based upon these documents." *Id.* at 230.

"A Rule 12(b)(6) motion tests the sufficiency of the complaint against the pleading requirements of Rule 8(a)." *I.H. ex rel. D.S. v. Cumberland Valley Sch. Dist.*, 842 F. Supp. 2d 762, 769–70 (M.D. Pa. 2012). "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). The statement required by Rule 8(a)(2) must give the defendant fair notice of the nature of the plaintiff's claim and of the grounds upon which the claim rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Detailed factual allegations are not required, but more is required than "labels," "conclusions," or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). "A complaint has to 'show' such an entitlement with its facts." *Id.*

In considering whether a complaint fails to state a claim upon which relief can be granted, the court "'must accept all facts alleged in the complaint as true and construe the complaint in the light most favorable to the nonmoving party.'" *Krieger v. Bank of Am., N.A.*, 890 F.3d 429, 437 (3d Cir. 2018) (quoting *Flora v. Cty. of Luzerne*, 776 F.3d 169, 175 (3d Cir. 2015)). But a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss."

8

*Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). A court also need not "assume that a . . . plaintiff can prove facts that the . . . plaintiff has not alleged." *Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Following *Twombly* and *Iqbal*, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, it must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Santiago v. Warminster Twp.,* 629 F.3d 121, 130 (3d Cir. 2010) (footnote and citations omitted) (quoting *Iqbal,* 556 U.S. at 675, 679).

A complaint filed by a pro se litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, "pro se litigants still must allege sufficient facts in

their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## IV.    Discussion.

In its brief in support of the motion to dismiss, the United States argues that Jones's complaint should be dismissed because the United States has not waived sovereign immunity thereby depriving this court of subject-matter jurisdiction. *Doc. 25* at 7–11.  The United States further argues that the complaint should be dismissed because Jones has failed to state a plausible claim for relief. *Id.* at 11. The United States contends that Jones's complaint "does not contain sufficient factual allegations from which this Court could infer a plausible claim" for any remaining claims because either the United States has not waived sovereign immunity or the statutes, regulations, and executive orders that Jones cites do not contain private causes of actions against the United States. *Id.*

In his brief in opposition, Jones appears to argue that the United States' motion to dismiss was not filed in a timely manner and that the United States has an obligation to both release information and conduct an investigation into his claims in response to various Freedom of Information Act requests. *Doc. 34* at 1–5, 10.  On February 18, 2025, the United States filed a reply brief in response to Jones's brief in opposition. *Doc. 37.*  In its reply brief, the United States reaffirmed

its position that Jones failed to state a claim and that there is a lack of subject matter jurisdiction. *Id.* at 5–6.  The United States also argued that the motion to dismiss was timely filed within the timing requirements of Fed. R. Civ. P. 12(a)(2). *Id.* at 6–7.

It is well-settled that sovereign immunity bars claims brought against the United States except where it consents to be sued. *See United States v. Mitchell*, 463 U.S. 206, 212 (1983).  "Under the doctrine of sovereign immunity, the United States 'is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define the court's jurisdiction to entertain the suit.'" *Cooper v. Comm'r*, 718 F.3d 216, 220 (3d Cir. 2013) (quoting *U.S. v. Testan*, 424 U.S. 392, 399 (1976)).  There is no doubt that courts lack subject-matter jurisdiction when sovereign immunity has not been waived. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Sovereign immunity is jurisdictional in nature."); *Mitchell*, 463 U.S. at 212 ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."); *Treasurer of N.J. v. U.S. Dep't of Treasury*, 684 F.3d 382, 395 (3d Cir. 2012) ("Without a waiver of sovereign immunity, a court is without subject-matter jurisdiction.").

We thus turn to the causes of action Jones brings to determine whether the United States has waived its immunity to suit for such claims.  Some of Jones's

claims—specifically 5 U.S.C. § 731, "56 FR 28003," 18 U.S.C. § 941; and "116 S984 IS"—are brought under statutes that do not exist, and we were unable to find causes of actions to which Jones may have been referring. Similarly, the general citations to "Title 47" and to "45 CFR part 170" were so general we were also unable to find a cause of action which Jones may be attempting to invoke.

None of the executive orders Jones cites authorize a citizen to bring suit pursuant to their terms. *See* Exec. Order No. 13,526, 75 Fed. Reg. 707 (Dec. 29, 2009) ("Classified National Security Information"); Exec. Order No. 13,873, 84 Fed. Reg. 22689 (May 15, 2019) ("Securing the Information and Communications Technology and Services Supply Chain"); Exec. Order No. 14,093, 88 Fed. Reg. 1957 (Mar. 27, 2023) ("Prohibition on Use by the United States Government of Commercial Spyware That Poses Risk to National Security"); Exec. Order No. 14,105, 88 Fed. Reg. 54867 (Aug. 9, 2023) ("United States Investments in Certain National Security Technologies and Products in Countries of Concern"); Exec. Order No. 14,110, 88 Fed. Reg. 75191 (Oct. 30, 2023) ("Safe, Secure, and Trustworthy Development and Use of Artificial Intelligence"). More importantly, none of these executive orders waive the United States' sovereign immunity.

Similarly, 15 of the 16 regulations Jones cites neither waive the United States' sovereign immunity nor provide for a private cause of action. *See* 7 C.F.R. § 1c; 10 C.F.R. § 745; 14 C.F.R. § 1230; 15 C.F.R. § 27; 16 C.F.R. § 1028; 22

C.F.R. § 225; 24 C.F.R. § 219; 34 C.F.R. §97; 38 C.F.R. § 16; 40 C.F.R. § 26; 45

C.F.R. §§ 46, 160(A)–(E), 164, 690; 49 C.F.R. § 11.  And although the sixteenth

regulation does contemplate a cause of action, making employers responsible when

their employee faces national origin discrimination at the hands of employees and

non-employees, *see Wilson v. Columbia Gas of Penn.*, 676 F. Supp. 3d 424, 444

(W.D. Pa. 2013), the regulation does not waive the United States' sovereign

immunity. 29 C.F.R. § 1606.8.

Jones also cites eight statutes which do not waive the United States'

sovereign immunity or even provide for causes of action. *See* 5 U.S.C. § 3331; 10

U.S.C. § 980; 28 U.S.C. §§ 3331, 4101; 50 U.S.C. §§ 401, 402, 403; *see also*

*Bridges v. Methodist Hospital*, Civil Action No. 4:23-CV-1699, 2024 WL

4354816, at *5 (S.D. Tex. Sept. 30, 2024) (regarding 10 U.S.C. § 980 not

providing a cause of action).  Jones attempts to bring claims against the United

States under two sections of Title 18 of the United States Code.  But each of these

sections are criminal statutes which do not waive the United States' sovereign

immunity. *See* 18 U.S.C. §§ 245, 1001; *Lewis v. United States*, No. 24-1838, 2024

WL 4976354 (Fed. Cl. Dec. 4, 2024) (listing 18 U.S.C. § 1001 as one of "several

. . . statutes that [Plaintiff] claims the defendants violated, but [he] does not cite

these provisions as sources of law that could constitute causes of action"); *People*

*ex rel. v. Snead v. Kirkland*, 462 F. Supp. 914, 902 (E.D. Pa. Dec. 27, 1978)

("Section 245(b)(1) permits federal prosecution for interference with a long list of federally protected activities; it confers neither substantive rights nor a private right of action for damages.").

Jones's final claims are those for violations of his rights as protected by the First, Fourth, Fifth, Ninth, Tenth, Thirteenth, and Fourteenth Amendments, pursuant to *Bivens*. *See doc. 1* at 3 (reflecting that Jones checked the box on the form complaint that he is bringing a *Bivens* claim). In *Bivens*, the Supreme Court "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Corr. Servs. Corps. v. Malesko*, 534 U.S. 61, 66 (2001). "[A]ctions brought directly under the Constitution against federal officials have become known as '*Bivens* actions.'" *Vanderklok v. United States*, 868 F.3d 189, 198 (3d Cir. 2017). A *Bivens* action thus must be brought against an individual federal official. *Cf. id.* Rather than bringing this claim against individual federal officials, however, Jones brings this claim against the entirety of the United States government. Moreover, "*Bivens* claims against the United States are barred by sovereign immunity, absent an explicit waiver. *Meyer*, 510 U.S. at 475, 483; *Huberty v. United States Ambassador to Costa Rica*, 316 F. App'x 120, 122 (3d Cir. 2008); *Jaffee v. United States*, 592 F.2d 712, 717 (3d Cir. 1979). This means that the United States must consent to be sued by waiving its sovereign immunity. *Mitchell*, 463 U.S. at 212. "'[W]aivers of

14

the Government's sovereign immunity, to be effective, must be 'unequivocally

expressed,'" and they must be construed strictly in favor of the sovereign. *U.S. v.*

*Bein*, 214 F.3d 408, 412 (3d Cir. 2000) (quoting *United States v. Nordic Village,*

*Inc.*, 503 U.S. 30, 33–34 (1992)).  Jones has not argued, nor do we find, that the

United States has waived its sovereign immunity, thus rendering Jones's claims

against the United States barred by the doctrine of sovereign immunity.

Accordingly, we find that the United States is entitled to sovereign immunity from

Jones' claims.


**V.    Leave to Amend.**

"[I]f a complaint is subject to a Rule 12(b)(6) dismissal, a district court must

permit a curative amendment unless such an amendment would be inequitable or

futile." *Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).  In a

civil rights action, the court "must provide the plaintiff with this opportunity even

if the plaintiff does not seek leave to amend." *Id.*

"Under Rule 15(a), futility of amendment is a sufficient basis to deny leave

to amend." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159,

175 (3d Cir. 2010).  "Futility 'means that the complaint, as amended, would fail to

state a claim upon which relief could be granted.'" *Id*. (quoting *In re Merck & Co.*

*Sec., Derivative, & ERISA Litig.,* 493 F.3d 393, 400 (3d Cir. 2007)).  Thus, in

15

determining whether an amendment would be futile, we apply the same standard as we apply in determining whether a complaint fails to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). *Id.* "In other words, '[t]he District Court determines futility by taking all pleaded allegations as true and viewing them in a light most favorable to the plaintiff.'" *Id.* (quoting *Winer Family Trust v. Queen,* 503 F.3d 319, 330–31 (3d Cir. 2007)).

The United States, the sole defendant, is entitled to sovereign immunity where it has not waived its immunity. The United States has not waived its sovereign immunity in the instant case. Thus, we conclude that granting leave to amend would be futile.

## VI. Recommendation.

Based on the foregoing, we recommend that the court grant the pending motion to dismiss (*doc. 23*) and close this case. We further recommend that the court deny the other pending motions (*docs. 22, 28, 29, 30, 31, 32, 33, 35, 36, 38*) as moot.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to

which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 15th day of April, 2025.

***<u>S/Susan E. Schwab</u>***
Susan E. Schwab
United States Magistrate Judge
